IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CONNIE DENCE, as personal representative
for the Estate of Janelle Marie Butterfield,

           Plaintiff,

    v.

WELLPATH, LLC; CORRECT CARE
SOLUTIONS, LLC; CARLY HINKLE;
DAWN CASE; OPTIONS FOR SOUTHERN
OREGON, INC.; MERRICK KELLY-
ROBINSON; JOSEPHINE COUNTY;
DAVE DANIEL; AMANDA WASS;
CRYSTAL HULSEY; VIVEK SHAH;
PATRICIA SHEVOKIS; ED VINCENT; and
CLINT MOONEY,

           Defendants.

Case No. 1:20-cv-00671-CL

**OPINION AND ORDER**

---

**CLARKE,** United States Magistrate Judge:

    This case comes before the Court on Wellpath Defendants' Motion to Reconsider (ECF
No. 113).

1 – Opinion and Order

## BACKGROUND

In April 2020, Plaintiff Connie Dence ("Plaintiff"), as personal representative of the

Estate of Janelle Marie Butterfield ("Butterfield"), filed this action against Defendants. First Am.

Compl., ECF No. 36 ("FAC").

On October 25, 2022, this Court determined Wellpath Defendants did not meet their

burden to establish application of the PSQIA privilege. *See* Op. & Order 7, ECF No. 101.

Additionally, the Court declined to accept Wellpath Defendants' arguments regarding the

attorney-client privilege without first examining the documents at issue and ordered Wellpath

Defendants to submit those documents to the Court for *in camera* review. *Id.* at 7–8. Wellpath

Defendants timely submitted a morbidity and mortality review report ("M&M Report") and

included a supplemental memorandum. *See* ECF No. 102. In their supplemental memorandum,

Wellpath Defendants did not revive their arguments regarding the attorney-client privilege and

instead focused solely on the PSQIA. *Id.; see also* Op. & Order 4 n.3, ECF No. 109 ("O&O").

On November 29, 2022, the Court again determined that Wellpath Defendants did not

meet their burden to establish application of the PSQIA privilege. O&O 7, ECF No. 109. The

Court granted Plaintiff's motion to compel as to the M&M Report and ordered Wellpath

Defendants to submit the M&M Report to Plaintiff. *Id.*

On December 29, 2022, Wellpath Defendants filed their motion to reconsider. *See* Defs.'

Mot. Reconsider, ECF No. 113 ("Defs.' Mot.").

## DISCUSSION

First, Wellpath Defendants do not identify the basis for their motion. *See* Defs.' Mot. 1–

4, ECF No. 113. To the extent Wellpath Defendants seek to proceed under Rule 59(e), Rule

59(e) applies only to motions to amend a "judgment," which Rule 54(a) defines as "any order

from which an appeal lies." A discovery order is interlocutory and non-appealable. *City of Las Vegas v. Foley*, 747 F.2d 1294, 1297 (9th Cir. 1984). As such, Rule 59(e) does not establish a basis for amending the Court's orders granting Plaintiff's motion to compel.

Second, even if Rule 59(e) were applicable, Wellpath Defendants have not directed the Court to any newly discovered evidence, explained how the Court committed clear error, or identified an intervening change in the controlling law. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (noting that a motion for reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources"). Additionally, "[a] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890.

Third, the Court finds there is no ground for reconsideration under its inherent power to modify its interlocutory orders. *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989) ("Courts have inherent power to modify their interlocutory orders before entering a final judgment.").

Lastly, Wellpath Defendants can request that a District Judge reconsider this Court's orders. *See* 28 U.S.C. § 636(b)(1)(A). Wellpath Defendants do not, however, make that request here.

///

///

///

///

///

## ORDER

For the reasons set forth above, Wellpath Defendants' motion to reconsider (ECF No. 113) is DENIED.

IT IS SO ORDERED and DATED this _10_ day of January, 2023.

MARK D. CLARKE
United States Magistrate Judge